UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY TAYLOR,

    *Plaintiff,*

v.

DISCOVERY, INC., and
THE EXPLORERS CLUB

    *Defendants.*

**COMPLAINT**

Civil Action No. 1:21-cv-3046

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**
**(JURY TRIAL DEMANDED)**

Plaintiff, **Timothy Taylor** ("Taylor"), by and through his attorneys, Barclay Damon LLP, as and for his Complaint against Defendants, **Discovery, Inc.** ("Discovery") and **The Explorers Club** ("the Club"); (collectively, the "Defendants"), alleges and sets forth as follows:

**INTRODUCTION**

1. This action is for willful and non-willful copyright infringement, fraud/misrepresentation, for violations of the Digital Millennium Copyright Act ("DMCA"), and pursuant to Federal statutes, namely the Copyright Act of 1976, 17 U.S.C. § 2101 *et seq.* .

**SUMMARY OF THE ACTION**

2. Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, including the right to copy and distribute Plaintiff's original copyrighted work of authorship ("Work").

3. Discovery is a global media company that provides content across various platforms and networks, including Discovery Channel. Discovery distributes content in the U.S. and in over 220 other countries and territories. According to its website, "[a]s one of the world's

1

largest pay-TV programmers, [Discovery] provides original and purchased content and live events to approximately 3.7 billion cumulative subscribers and viewers worldwide through networks that [Discovery] wholly or partially owns. [Discovery has] an extensive library of content and own[s] most rights to [its] content and footage, which enables [it] to leverage [its] library to quickly launch brands and services into new markets and on new platforms."

4. At all relevant times hereto, Discovery has owned, operated, and/or controlled the website and content located at the web URL https://corporate.discovery.com and https://www.discovery.com.

5. The Explorers Club is an exclusive nonprofit corporation that, according to its website, "is an international multidisciplinary professional society dedicated to the advancement of field research and the ideal that it is vital to preserve the instinct to explore. Since its inception in 1904, the Club has served as a meeting point and unifying force for explorers and scientists worldwide."

6. At all relevant times hereto, the Club has owned, operated, and/or controlled the website and content located at the web URL https://www.explorer.org.

7. Plaintiff alleges that Defendants copied Plaintiff's Work in order to advertise, market, and promote their business activities on their websites, among other ways, without Plaintiff's permission.

## JURISDICTION AND VENUE

8. This is an action arising under the United States Copyright Act, 17 U.S.C. §501, *et seq.*.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Case 1:21-cv-03046 Document 1 Filed 04/08/21 Page 3 of 9

10. Defendants are subject to personal jurisdiction in the State of New York and within this District.

11. Venue is proper in this District pursuant to and under 28 U.S.C. §§ 1391(b), (c), and 1400(a) because the events giving rise to the claims occurred in this District, Defendants engaged in copyright infringement within this District, and Defendants are subject to personal jurisdiction within this District.

## PARTIES

12. Plaintiff Timothy Taylor is an individual, renowned ocean explorer, and resident of the State of New York.

13. Upon information and belief, Defendant The Explorers Club is a nonprofit New York corporation having a principal place of business located at 46 East 70th Street, in the City of New York and State of New York.

14. Upon information and belief, Defendant Discovery, Inc. is a Delaware corporation having a principal place of business located at 8403 Colesville Road, in the City of Silver Spring and State of Maryland.

## THE COPYRIGHTED WORK

15. In June 2005, Taylor created an original work of authorship embodied in an original photographic image which is depicted below ("Work").

3

Case 1:21-cv-03046 Document 1 Filed 04/08/21 Page 4 of 9



16. Upon information and belief, the Work has never been published.

17. Taylor registered the Work with the United States Copyright Office and was assigned Registration No. VAu 001425363.

18. At all times relevant hereto, Taylor was and is the author and owner of the Work.

**INFRINGEMENT BY DEFENDANTS**

19. Defendants have never been licensed to use, copy, or display Plaintiff's Work.

20. On a date after the Work was created, but prior to commencement of this action, Defendants copied the Work.

21. At some point prior to the filing of this action, Defendants unlawfully, and without Plaintiff's permission, posted one or more copies of the Work on their websites and/or on their social media pages. See **Exhibits A and B**.

22. Plaintiff discovered Defendants' infringing behavior in March 2021.

4

23. At all times relevant to this action Plaintiff's Work contained a statutory copyright notice, and a copyright registration was issued for the Work.

24. Upon information and belief, Defendants had actual and/or constructive knowledge and notice of Plaintiff's copyright in the Work.

25. Upon information and belief, Defendants have posted, advertised, and otherwise used for personal gain, illegal and unauthorized copies of the Work.

26. Upon information and belief, Defendants are *not* innocent infringers, and cannot avail themselves of the limitation of damages provision of the Copyright Act.

### AS AND FOR A FIRST CAUSE OF ACTION
### (NON-WILLFUL COPYRIGHT INFRINGEMENT)

27. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

28. Plaintiff, who is a citizen of the United States, created, photographed, and otherwise reduced to a tangible medium, original works of art and authorship, which are embodied in the Work.

29. The aforementioned Work was originally authored by Plaintiff and constitutes copyrightable subject matter under the laws of the United States as is evidenced by the Certificate of Copyright issued for said Work.

30. At all times hereinbefore mentioned, Plaintiff, in whole or in part, has complied with the Copyright Act and all other laws governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights of said Work, and has received from the Registrar of Copyrights, a Certificate of Registration for said Work.

31. Plaintiff is, has been, and still is, the owner of all rights, title, and interest in and to the copyright of said Work.

32. Defendants have infringed Plaintiff's copyright by marketing, advertising, and placing upon the internet and on social media platforms, without Plaintiff's permission, unlawful copies of Plaintiff's copyrighted Work.

33. As a result of Defendants' actions, and violations of Plaintiff's exclusive rights as copyright owner, including under Section 106 of the Copyright Act, Plaintiff has been harmed and injured and Defendants' actions constitute copyright infringement.

34. Plaintiff alleges Defendants' infringements were negligent and/or reckless, and that Defendants profited from their use of Plaintiff's copyrighted Work.

35. Plaintiff is therefore entitled to all relief and remedies available to him under the Copyright Act, including, but not limited to, actual and/or statutory damages up to $30,000 per violation, the costs of this action, including reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

### AS AND FOR A SECOND CAUSE OF ACTION
### (WILLFUL COPYRIGHT INFRINGEMENT)

36. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

37. Plaintiff alleges that Defendants' infringements were knowing and/or willful, and/or represent a calculated attempt to profit from Plaintiff's copyrighted Work, without permission, in that Defendants continued to infringe upon Plaintiff's copyright, despite being on notice of the copyright.

38. Plaintiff is therefore entitled to all relief and remedies available to him under the Copyright Act for willful copyright infringement, including, but not limited to, actual and/or statutory damages up to $150,000 per violation, the costs of this action, including reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

### AS AND FOR A THIRD CAUSE OF ACTION
### (FRAUD/MISREPRESENTATION)

39. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. Defendants knew or should have known based upon the circumstances that the Work was solely the property of Plaintiff, and that Defendants had no right to use, publish, post, or otherwise infringe upon Plaintiff's Work.

41. Despite such knowledge, Defendants fraudulently advertised and represented that they were the original authors of the Work.

42. As a result of said misrepresentations, Plaintiff has been irreparably damaged.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (DIGITAL MILLENNIUM COPYRIGHT ACT)

43. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

44. 17 U.S.C. § 1202 (c)(1) defines copyright management information ("CMI") to include "the information set forth on a notice of copyright."

45. 17 U.S.C. § 1202 (b)(1) prohibits any person without the authority of the copyright holder from intentionally removing CMI, having reasonable grounds to believe that the removal will induce infringement.

46. Defendants knowingly violated this statute when they intentionally removed Plaintiff's copyright notice from his Work, and thereafter posted it without Plaintiff's permission on Defendants' website and social media accounts.

47. Defendants' conduct in knowingly removing Plaintiff's CMI has been willful and intentional and done with full knowledge of Plaintiff's copyright ownership and in conscious disregard of his rights.

48. Defendants' violations of 17 U.S.C. § 1202 (b)(1) have caused, and unless restrained, will continue to cause irreparable harm unless enjoined by this Court.

49. Pursuant to 17 U.S.C. § 1203 (b)(1), Plaintiff is entitled to a permanent injunction barring Defendants from further DMCA violations.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

## DEMAND

**WHEREFORE**, Plaintiff demands judgment as follows:

(a) Enjoining Defendants, their agents, representatives, and all persons acting under them, during the pendency of this action and thereafter permanently, from non-willful infringements of Plaintiff's copyrights in any manner and from advertising, publishing, licensing, distributing, selling, marketing, or otherwise disposing of any copies of pieces containing the infringing original Work of art of Plaintiff, and for actual, statutory damages of up to $30,000 per work/violation, and/or compensatory damages;

(b) Enjoining Defendants, their agents, representatives, and all persons acting under them, during the pendency of this action and thereafter permanently, from willful infringements of Plaintiff's copyright in any manner and from advertising, publishing, licensing, distributing, selling, marketing, or otherwise disposing of any copies of pieces containing the infringing original Work of art of Plaintiff, and for actual, statutory damages of up to $150,000 per work/violation, and/or compensatory damages;

(c) Enjoining Defendants, their agents, representatives, and all persons acting under them, during the pendency of this action and thereafter permanently, from unlawfully offering for sale copies of Plaintiff's Work, to deliver up all copies currently in the Defendants' possession to be impounded during the pendency of this action, which are all in the possession and under the control of the Defendants and to deliver up for destruction any other materials used in the making, copying, and publication of such unlawful materials and for actual, statutory and/or compensatory damages;

(d) An injunction issued preliminarily to a final hearing and permanently thereafter restraining Defendants, their agents, servants, employees, and representatives, and all persons acting in privacy or in concert with them from:

    1. Posting, selling, advertising, or distributing any copies of Plaintiff's Work;

    2.     Engaging in any acts or making any representation which have the effect of leading the public to believe that the Work is in any manner, shape, or form connected to or related to Defendants.

(e)     An order directing Defendants to recall from the possession of any dealers, wholesalers, jobbers and all others all copies of said Work, and directing that they be delivered to Plaintiff;

(f)     That pursuant to Section 1203(c)(3) of the DMCA, Defendants pay Plaintiff his actual damages resulting from Defendants' DMCA violation together with the profits it earned not already taken into account, or in the alternative; that pursuant to Section 1203(c)(3) of the DMCA, Defendants pay statutory damages in the sum of not less than $25,000 for their DMCA violation willfully committed, together with Plaintiff's attorneys' fees pursuant to Section 1203(b)(5) of the DMCA;

(g)     That Defendants pay general damages to the Plaintiff in an amount to be assessed by the Court by reason of Defendants' fraud/misrepresentation, and that Defendants pay to Plaintiff punitive damages, all costs and expenses of this action, including reasonable attorneys' fees to be assessed by the Court;

(h)     After a final hearing, damages be awarded to Plaintiff against Defendants in such an amount as found proper and deemed due and owing to Plaintiff;

(i)     An order awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees; and

(j)     For such other and further relief as this Court deems just, proper, and equitable.

### DEMAND FOR TRIAL BY JURY

Date:  April 8, 2021　　　　　　　　　　　　**BARCLAY DAMON LLP**

S/*Michael A. Oropallo*
Michael A. Oropallo
Lauren J. Wachtler
Office and Post Office Address
1270 6th Avenue Suite 501
New York, New York 10020
Telephone:   (315) 425-2831
Facsimile:   (315) 703-7367
moropallo@barclaydamon.com

Attorneys for Plaintiff Timothy Taylor